UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ANDREA DAVIS and                    §
BARBARA DAVIS,                      §
                                    §
        Plaintiffs,                 §
                                    §       No. 1:25−CV−237−DAE
vs.                                 §
                                    §
SODEXO,                             §
                                    §
        Defendant.                  §

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, MOOTING DEFENDANT'S OBJECTIONS, AND
MOOTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

Before the Court is Defendant Sodexo's ("Sodexo") Motion for

Summary Judgment filed on September 17, 2025.  (Dkt. # 8.)  Plaintiffs Andrea

Davis and Barbara Davis (collectively "Plaintiffs") filed their Response on October

22, 2025.  (Dkt. # 10.)  Sodexo filed its Reply on November 17, 2025.  (Dkt. # 12.)

The Court finds this matter suitable for disposition without a hearing.  After careful

consideration of the filings, the Court **GRANTS** Sodexo's Motion for Summary

Judgment.  (Dkt. # 8.)  Sodexo's Objections to Plaintiffs' Exhibit D are

**MOOTED**.  (Dkt. # 12.)  Plaintiffs' Motion for Leave to File a Sur-Reply is

**MOOTED**.  (Dkt. # 13.)

FACTUAL BACKGROUND

Plaintiffs, who are mother and daughter, were both African American employees of Defendant, Sodexo ("Sodexo").  (Dkt. # 1-3 at 6.)  Sodexo operated cafeteria and other food vendor operations located on the campus of Concordia University.  (Id.)  Plaintiffs allege that their supervisor, Jose, only acted with hostility towards African American employees and that African American employees were paid less than non-African American comparators.  (Id.)  Andrea Davis ("Andrea") alleges that she reported these complaints to upper management, who advised her to gather statements from other African American employees to give to upper management.  (Id.)  However, once Andrea did this, she only experienced more hostility from her manager.  (Dkt. # 1-3 at 7.)  Andrea alleges she reported the continued hostility to upper management, who suspended her citing a need to investigate the complaints.  (Id.)  She was terminated in April of 2023, after being suspended.  (Id.)  Barbara Davis ("Barbara") was hired in 2008 and left employment with Sodexo voluntarily in August of 2023, citing hostile working conditions.  (Dkt. # 1-3.)

As to specific incidents of hostility towards black employees, Andrea specifically alleges an incident with the supervisor, Jose, wherein he made a comment about her smoking marijuana that made her feel uncomfortable.  (Id.)  Andrea also relates another incident where Jose slammed hot chocolate on her cart

2

aggressively.  (Id.)  Andrea also alleges that Jose allowed Hispanic cashiers to sit while working but did not allow African American cashiers to do the same.  (Id.) Andrea contends that Jose told a Concordia employee, Jason Larson, that he hated black women and that he called three African American female employees "lazy black bitches."  (Id.)  Andrea acknowledges that she told another employee, Ebony, that she was going to have her husband "come up here and talk to [Jose]" but denies any threat of violence.  (Id.)  Sodexo alleges Andrea Davis was terminated for violating Sodexo's Workplace Violence Policy, based on the statements she made about having her husband confront Jose.  (Dkt. # 8 at 8.)

As to pay discrimination, Plaintiffs claim that Andrea was making $12.75 an hour when she was hired, then she received a raise to $12.91.  (Dkt. # 8-3 at 19.)  While a Hispanic cashier, Veronica, was hired at $16.50 and with less experience than Andrea and Barbara.  (Id.)  Overall, Plaintiffs claim Hispanic employees were paid more than African American employees.  (Id.)

### PROCEDURAL BACKGROUND

Plaintiffs filed suit against Sodexo on November 26, 2024, in the 261st judicial district court of Travis County, Texas.  (Dkt. # 1-3.)  Defendant removed the case to this Court on February 18, 2025.  (Dkt. # 1.)  Plaintiffs allege claims of race-based employment discrimination and retaliation, violations of the

3

Equal Pay Act ("EPA"), and Barbara alleges age-based discrimination in violation of the Age Discrimination in Employment Act ("ADEA").  (Dkt. # 1-3.)

Under the Scheduling Order in this case, the discovery period ended on August 18, 2025.  (Dkt. # 6 at 2.)  Sodexo filed its Motion for Summary Judgment on September 17, 2025.  (Dkt. # 8.)  Plaintiffs filed their Response on October 22, 2025.  (Dkt. # 10.)  Sodexo filed its Reply on November 17, 2025, which included objections to the legal authority cited by Plaintiffs in their Response and to Exhibit D to their Response.  (Dkt. # 12.)  Plaintiffs moved for leave to file a sur-reply on November 25, 2025.  (Dkt. # 13.)  Sodexo filed a Response to the Motion for Leave on December 9, 2025.  (Dkt. # 14.)

## LEGAL STANDARDS

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Vann v. City of Southaven, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted); see also Fed. R. Civ. P. 56(a).  "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Bennett v. Hartford Ins. Co. of Midwest, 890 F.3d 597, 604 (5th Cir. 2018) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)).  "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

4

demonstrate the absence of a genuine issue of material fact.'" Nola Spice Designs, LLC v. Haydel Enter., Inc., 783 F.3d 527, 536 (5th Cir. 2015) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'" Kim v. Hospira, Inc., 709 F. App'x 287, 288 (5th Cir. 2018) (quoting Nola Spice Designs, 783 F.3d at 536). While the movant must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. Austin v. Kroger Tex., L.P., 864 F.3d 326, 335 (5th Cir. 2017) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). A fact is material if it "might affect the outcome of the suit." Thomas v. Tregre, 913 F.3d 458, 462 (5th Cir. 2019) (citing Anderson, 477 U.S. at 248).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." Jones v. Anderson, 721 F. App'x 333, 335 (5th Cir. 2018) (quoting Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. Infante v. Law Office of Joseph Onwuteaka, P.C., 735 F. App'x 839, 843 (5th Cir. 2018) (quoting Willis v. Cleco

Corp., 749 F.3d 314, 317 (5th Cir. 2014)).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"  McCarty v. Hillstone Rest. Grp., Inc., 864 F.3d 354, 357 (5th Cir. 2017) (quoting Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005)).  In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party.  Wease v. Ocwen Loan Servicing, LLC, 915 F.3d 987, 992 (5th Cir. 2019).

Additionally, at the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form.  See Fed. R. Civ. P. 56(c); Lee v. Offshore Logistical & Transp., LLC, 859 F.3d 353, 355 (5th Cir. 2017).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Houston, 337 F.3d 539, 541 (5th Cir. 2003)).

## ANALYSIS

First, Sodexo moves for Summary Judgment on Plaintiffs' race discrimination and retaliation claims on the basis that they cannot present a prima facie case for either action because Andrea was terminated for violating the Workplace Violence Policy and Barbara voluntarily resigned.  (Dkt. # 8 at 16.)

6

Next, Sodexo moves for Summary Judgment on Plaintiffs' EPA claims on the grounds that Plaintiffs failed to plead and prove any race or sex-based pay disparity. (Id. at 23.) Lastly, Sodexo moves for Summary Judgment on Barbara's ADEA claim for failure to prove any age-based component to her allegations. (Id. at 21.) The Court will analyze each of Plaintiffs' claims in turn after briefly discussing the paucity of evidence set forth by Plaintiffs.

Plaintiffs are pro se and thus have pled their claims commendably well considering. However, Plaintiffs have produced a glaring lack of evidence in this case. The entirety of the Plaintiffs' evidence is: their respective deposition testimony, a termination voicemail transcript[1], reproductions of emails Andrea sent to her district manager and Human Resources[2], a chart containing Plaintiffs' synopses of the testimony they anticipate from the former coworkers[3], typed reproductions of text messages between Plaintiffs and Sodexo employees and one

---

[1] The termination voicemail transcript identifies the date and time Andrea was informed she was being terminated but does not identify the basis of her termination. (Dkt. # 10 at 35.)

[2] The reproduced emails evidence nothing beyond the complaints made by Andrea to Sodexo and the date and times she made these complaints. (Id. at 18–27.)

[3] This chart was made by Plaintiffs and does not contain any actual statements from any of the witnesses identified within it. (Id. at 27–29.)

Concordia University student[4], and a chart made by Plaintiffs alleging the pay of various coworkers[5]. (Dkt. # 10 at 18–36.)

A.      Race Discrimination

Plaintiffs claim Sodexo discriminated against African American employees because their supervisor treated them differently than Hispanic employees. (Dkt. # 1-3.) Sodexo argues that Plaintiffs cannot present a prima facie case for race-based discrimination because Andrea was terminated for violating the Workplace Violence Policy and Barbara voluntarily resigned. (Dkt. # 8 at 16.)

Title VII prohibits employers from discriminating against "any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of [their] race." 42 U.S.C. § 2000e–2(a)(1). To analyze Title VII claims, courts use the burden-shifting framework applied by the Supreme Court in McDonnell Douglas. Kautt v. Univ. of Texas at San Antonio, No. SA-02-CA-0547-RF, 2003 WL 22143279, at *3 (W.D. Tex. Sept. 16, 2003), aff'd, 95 F.

---

[4] The reproduced text messages also evidence nothing beyond the dates and times Plaintiffs made complaints to Sodexo about their work environment and the nature of those complaints. (Id. at 29–34.) The reproduced text messages between Andrea and a Concordia University student only evidence that two lateral coworkers acted evasively and potentially gave false information to the student when the student inquired about where Andrea was. (Id.)

[5] Plaintiffs created a chart alleging the hourly pay rate of their coworkers by position and race/ethnicity. (Id. at 35–36.)

8

App'x 61 (5th Cir. 2004) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1990)).  Under the McDonnell Douglas framework, a plaintiff first has to establish a prima facie case of discrimination or retaliation.  Id.  To establish a prima-facie case of discrimination, a plaintiff must show she (1) is a member of a protected class; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) was replaced by someone outside of her protected class or others similarly situated were treated more favorably.  Okoye v. Univ. of Tex. Houston Health Science Ctr., 245 F.3d 507, 512–13 (5th Cir. 2001).

Once an employee establishes her prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).  If the employer presents such a reason, the burden of persuasion then lies with the employee to demonstrate that "the stated reason was a pretext for discrimination."  See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).  A plaintiff must show that the employer's reason for termination was untrue and was pretext for discrimination.  See Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).  Plaintiff's

9

burden of pretext may be met by showing the employer's explanation is not worthy of credence.  Id.

The Court first analyzes Andrea's discrimination claim.  It is undisputed that Andrea is a member of a protected class who experienced an adverse employment action when she was fired.  (Dkt. # 1-3.)  However, Sodexo has provided a legitimate non-discriminatory reason for Andrea's termination in that she violated the Workplace Violence Policy.  See Reeves, 530 U.S. at 142; (Dkts. ## 8-1 at 4, 14; 8-2 at 2; 8-8 at 2–5; 8-9 at 2–3.)  Andrea never denied telling coworkers that she was going to have her partner confront Jose but instead only denied that these comments manifested a threat.  (Dkt. # 8-3 at 29–30.) Assuming Andrea could make out a prima facie case, her discrimination case would fail because Sodexo has presented evidence of a legitimate reason for her termination, which was violation of the Workplace Violence Policy.  (Dkts. ## 8-1 at 4, 14; 8-2 at 2; 8-8 at 2–5; 8-9 at 2–3.)  Sodexo has also produced the written witness statements from employees, Veronica Vega and Amanda Alcala, describing the comments Andrea made and how they interpreted those comments.  (Dkt. # 8-8 at 2–5.)  To show pretext, Andrea would need to show a coworker made a similar type of comment and was not terminated for violating the Workplace Violence Policy.  See Chhim v. City of Houston, No. CV H-17-1975, 2018 WL 8608355, at *6 (S.D. Tex. Oct. 10, 2018), report and recommendation adopted, No. CV H-17-

1975, 2019 WL 989390 (S.D. Tex. Mar. 1, 2019), aff'd, 777 F. App'x 780 (5th Cir. 2019).  Andrea has not presented any evidence rebutting Sodexo's nondiscriminatory reason for her termination; thus, she fails to carry her pretext burden.  See Id. (citing Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll., 719 F.3d 356, 363 (5th Cir. 2013).  Therefore, the Court grants Sodexo's Motion for Summary Judgement as to Andrea's discrimination claim.

Next the Court analyzes Barbara's discrimination claim.  Barbara is alleging the adverse employment action she experienced was constructive discharge based on her voluntary resignation.  (Dkts. ## 8-10 at 2; 8-4 at 13.)

To prove a discrimination claim stemming from a constructive discharge, Barbara must show that (1) her working conditions were "so intolerable that a reasonable person in [her] position would have felt compelled to resign; (2) [she] actually resigned; and (3) [she] would not have been constructively discharged" but for her race.  Jones v. Tubal-Cain Hydraulic Sols., Inc., No. 4:16-CV-1282, 2020 WL 42472, at *9 (S.D. Tex. Jan. 3, 2020) (citing Green v. Brennan, 136 S.Ct. 1769, 1776 (2016); 5th Cir. Pattern Jury Instructions 11.1 & 11.6).  In determining if a reasonable employee in Barbara's shoes would have been compelled to resign, Fifth Circuit courts consider the following factors: "(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a

11

younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status."  Id. (citing Brown v. Kinney Shoe Corp., 237 F.3d 556, 566 (5th Cir. 2001)).  Further, constructive discharge requires more than merely a hostile working environment.  Pennsylvania State Police v. Suders, 542 U.S. 129, 147, 124 S. Ct. 2342, 2354, 159 L. Ed. 2d 204 (2004) (citing Perry v. Harris Chernin, Inc., 126 F.3d 1010, 1015 (C.A.7 1997) ("[U]nless conditions are beyond 'ordinary' discrimination, a complaining employee is expected to remain on the job while seeking redress.")).

Regarding Barbara's prima facie case for race-based discrimination, Sodexo only challenges whether she met the adverse employment action element. (Dkt. # 8 at 19.) The Court finds that Barbara fails to create any material fact issue as to the alleged adverse employment action because she fails to prove constructive discharge.

Barbara has failed to create a fact issue as to whether a reasonable comparator would have resigned and that she would not have been constructively discharged but for her race.  See Jones, WL 42472 at *9.  Barbara has alleged her supervisor, Jose, harassed her by, essentially, merely gossiping.  (Dkts. ## 1-3; 8-4 at 7.)  This only meets part of one of the seven factors considered, "badgering,

12

harassment, or humiliation by the employer calculated to encourage the employee's resignation," and fails to show how the gossiping was calculated or in any way related to Barbara's eventual voluntary resignation. See Jones, WL 42472 at *9. Further, Barbara has put forth no evidence of how these conditions, created by the workplace gossip, were beyond "ordinary" discrimination. See Perry, 126 F3d at 1015. Because Barbara has only shown part of one factor weighs in her favor, the environment created by the false gossip alleged by Barbara does not reach the level required to establish an adverse employment action through constructive discharge. See Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473, 481 (5th Cir. 2008) (citing Brown v. Bunge Corp., 207 F.3d 776, 782–83 (5th Cir.2000) (affirming grant of summary judgment even where employee was demoted and given fewer job responsibilities); Stephens v. C.I.T. Group/Equip. Fin., Inc., 955 F.2d 1023, 1027–28 (5th Cir.1992) (affirming jury verdict on constructive discharge where plaintiff had been demoted, faced significant reductions in salary and responsibilities, and was repeatedly asked when he planned to quit). Thus, Barbara has created no fact issues as to whether she was subject to an adverse employment action.

For these reasons, Barbara has failed to set forth a prima facie case of race-based discrimination stemming from a constructive discharge. Therefore, Sodexo is entitled to Summary Judgment as to Barbara's discrimination claim.

13

B.      Retaliation

Plaintiffs claim Sodexo retaliated against them when Andrea was fired after reporting complaints about Jose, and Barbara voluntarily resigned, allegedly due to a hostile work environment.  (Dkt. # 1-3.)  Sodexo argues that Plaintiffs cannot present a prima facie case for retaliation because Andrea was terminated for violating the Workplace Violence Policy and Barbara voluntarily resigned. (Dkt. # 8 at 16.)

Title VII prohibits employers from "retaliating against an employee for engaging in statutorily protected activity."  Williams v. Parkland Health & Hosp. Sys., No. CIV.A.3:02-CV-1938-M, 2004 WL 1630212, at *3 (N.D. Tex. July 19, 2004) (citing 42 U.S.C. § 2000e–3(a)).  "Under Title VII, protected activities consist of: (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint; or (4) testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing."  Willis v. Napolitano, 986 F.Supp.2d 738, 747 (M.D. La. 2013), *aff'd sub nom.* Willis v. United States, 576 F. App'x 340 (5th Cir. 2014) (citing Rodriquez v. Wal–Mart Stores, Inc., 540 Fed.Appx. 322, 328–29 (5th Cir.2013).  "To establish a prima facie case of retaliation, a plaintiff must show that (1) [they] engaged in an activity protected under Title VII; (2) an adverse employment action occurred; and (3) there is a causal connection between the

14

protected activity and the adverse employment action.  <u>Williams</u>, WL 1630212 at *4 (citing <u>Manning v. Chevron Chem., LLC</u>, 332 F.3d 874, 883 (5th Cir. 2003)).

If the plaintiff establishes her prima facie case, the <u>McDonnell Douglas</u> burden-shifting framework also applies.  <u>See</u> <u>McDonnell Douglas</u>, 411 U.S. at 807.  Again, under <u>McDonnell Douglas</u>, "(1) the employee must demonstrate a prima facie case of retaliation; (2) the burden then shifts to the employer, who must state a legitimate non-retaliatory reason for the employment action; and (3) if that burden is satisfied, the burden then ultimately falls to the employee to establish that the employer's stated reason is actually a pretext for unlawful retaliation."  <u>Royal v. CCC & R Tres Arboles, L.L.C.</u>, 736 F.3d 396, 400 (5th Cir. 2013).

The Court first analyzes Andrea's retaliation claim.  Here, Andrea engaged in protected activity when she made complaints about how Jose treated African American employees versus Hispanic employees because that complaint referenced discrimination.  (<u>Willis</u>, 986 F.Supp.2d at 747–748); (Dkt. # 8-3 at 18.) She experienced an adverse employment action when she was terminated.  (Dkt. # 8-3 at 33.)  However, as discussed above, Sodexo has put forth evidence that Andrea was terminated for violating its Workplace Violence Policy and Andrea does not manage to carry her pretext burden. (Dkts. ## 8-8 at 2–5; 8-9 at 2–3; 8-3 at 23.)  Andrea has failed to show any causal connection between reporting Jose's

treatment of African American employees and her termination. Nor has she shown any issue of material fact as to whether Sodexo terminating her for violating the Workplace Violence Policy was pretextual. Accordingly, Sodexo is entitled to Summary Judgment on Andrea's retaliation claims.

Next, the Court analyzes Barbara's retaliation claim. It is not clear what protected activity Barbara is claiming she engaged in. The best the Court can decipher is that Barbara is alleging that she engaged in protected activity when she reported to her supervisor that coworkers violated Sodexo's harassment policy by gossiping about her allegedly calling Jose a racial slur. (Dkt. # 8-4 at 10.) It is undisputed that Barbara never experienced any adverse employment action based on the rumor spread that she called Jose a racial slur. (Id.) Further, Barbara testified that she voluntarily left her employment with Sodexo. (Dkts. # 8-4 at 8.) Therefore, as previously established, Barbara has failed to show that she experienced any adverse employment action and could not plausibly prove any connection between her protected activity and the end of her employment with Sodexo. Accordingly, Sodexo is entitled to Summary Judgment on Barbara's retaliation claims.

C.    EPA Claims

Plaintiffs allege Sodexo violated the EPA because Hispanic cashiers were paid a higher hourly rate than comparable African American employees.

(Dkt. # 1-3)  However, the Court agrees with Sodexo that Plaintiffs overlook the scope of the EPA, which is only applicable to sex-based pay discrimination as a matter of law.  See 29 U.S.C. § 206(d)(1); Rhone v. Texas Dept. of Transp., No. 3:96-CV-1147-BC, 1997 WL 560770, at *10 (N.D. Tex. Aug. 29, 1997); see Edwards v. Smitty's Supply, Inc., No. 15-3223, 2016 WL 3667361, at *8 (E.D. La. July 11, 2016) (collecting cases).

Plaintiffs must first put forth a prima facie case of wage discrimination.  See Espinoza v. San Benito Consol. Indep. Sch. Dist., 2018 U.S. App. LEXIS 29204 at *1, *6 (5th Cir. 2018).  A prima facie case for wage discrimination requires a showing that (1) the Defendant is subject to the EPA; (2) Plaintiffs performed work in a position requiring equal skill, effort, and responsibility under comparable working conditions; and (3) they were paid less than the male employee serving as the basis of comparison.  Chance v. Rice Univ., 984 F.2d 151, 153 (5th Cir. 1993) (footnote omitted).  Plaintiffs "must show that any pay disparity is a result of sex and cannot be attributed to any other factor, and [they] must also show that [their] male comparators hold positions that require virtually identical skills, effort, and responsibilities."  Suter v. Univ. of Texas at San Antonio, 859 F. Supp. 2d 851, 855 (W.D. Tex.), aff'd, 495 F. App'x 506 (5th Cir. 2012) (citing 29 U.S.C. § 206(d)(1)); (citing Brennan v. City Stores, Inc., 479 F.2d 235, 238 (5th Cir. 1973)).

17

Plaintiffs have only alleged and put forth evidence regarding disparities in pay based on race.  (Dkts. ## 1-3; 8-3 at 19)  Plaintiffs only allege that other employees who were Hispanic were paid more than employees who were African American and they both testified to the same in their respective depositions.  (Dkts. ## 1-3; 8-3 at 19.)  This fails to set forth a prima facie EPA claim.  Accordingly, Sodexo is entitled to Summary Judgment on Plaintiffs' EPA claims.

### D.    ADEA Claim

Barbara has made an ADEA claim; however, she has put forth no evidence relevant to her or any other employee's age in relation to their employment with Sodexo.  Therefore, Barbara's ADEA claim does not survive Summary Judgement.

The ADEA prohibits employers from failing to or refusing to hire individuals or otherwise discriminate against individuals with respect to their compensation, terms, conditions, or privileges of employment, based on the individual's age.  29 U.S.C. § 623(a)(1).  A prima facie age discrimination case requires a plaintiff to show "(1) that [s]he is a member of a protected class; (2) that [s]he was qualified for the position; (3) that [s]he was fired or suffered adverse employment action; and (4) that [s]he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged

because of h[er] age." Jupiter v. BellSouth Tele., Inc., No. CIV.A.99-628, 1999 WL 639565, at *2 (E.D. La. Aug. 23, 1999) (citing Bauer v. Albemarle Corp., 169 F.3d 962, 966 (5th Cir. 1999)).

Here, it is not disputed whether Barbara was a member of a protected class under the ADEA.  However, as previously discussed, Barbara has offered no evidence that she suffered any adverse employment action because she voluntarily resigned from Sodexo.  (Dkts. ## 8-10 at 2; 8-4 at 8.)  Barbara also fails to plead or prove that her age was the basis for how she was treated while employed by Sodexo.  Barbara also failed to offer any evidence that she was "either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of h[er] age." Jupiter, WL 639565 at *2.  Therefore, Sodexo is granted Summary Judgment as to Barbara's ADEA claim.

CONCLUSION

For the reasons set forth above, the Court **GRANTS** Sodexo's Motion for Summary Judgment.  (Dkt. # 8.)  It is **ORDERED** that all of Plaintiffs' claims be **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs are **GRANTED LEAVE TO AMEND** their Complaint, which must be filed within 30 days of the filing of this Order.  If Plaintiffs fail to timely amend their Complaint, their claims will be dismissed with prejudice.

19

Sodexo's Objections to Plaintiffs' Exhibit D are **MOOTED**.  (Dkt. # 12.)  It is further **ORDERED** that Plaintiffs' Motion for Leave to File a Sur-Reply is **MOOTED**.  (Dkt. # 13.)

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, June 22, 2026.

_____

David Alan Ezra
Senior United States District Judge